VANN v. HOWLE.

1. EVIDENCE—DECEASED PARTY.—In action brought by a widow as heir at law of her intestate husband, and as alienee of the other heirs at law, to recover a tract of land claimed by defendant under a parol agreement to purchase made with intestate, the defendant is an incompetent witness as to communications and transactions between himself and deceased.

2. EQUITABLE DEFENCE—CHARGING JURIES.—Where defendant, in action for the recovery of real property, claims under a parol contract to purchase and full performance on his part, his defence is equitable, and not a matter to be determined by the jury, and, therefore, the trial judge did not err in refusing requests to charge relating to this defence.

3. EXCEPTIONS.—This court is not required to pass upon an exception which complains of error in a quoted portion of a charge without specification of the error.

4. IBID.—HARMLESS ERROR.—Where the judge charges that if certain testimony be true, when there was no such testimony, the error of the trial judge, if any, was harmless.

Before NORTON, J., Darlington, October, 1894.

Action by Sarah C. Vann against Thomas E. Howle, for the recovery of a tract of land, commenced February 24, 1894.

*Mr. C. S. Nettles,* for appellant.

*Messrs. T. H. Spain* and *Dargan & Thompson,* contra.

September 7, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. Josiah T. Vann died in 1894, leaving as his heirs at law, Sarah C. Vann, his widow, who is the plaintiff herein, A. R. Vann, his brother, and M. A. King, his sister. Subsequently the said A. R. Vann and Mary A. King by deed conveyed to the said Sarah C. Vann all their right, title, and interest of, in, and to three tracts of land, all pertaining to the estate of Josiah T. Vann, one of which is the tractof

land described in the complaint. The said Sarah C. Vann then brought this action against Thomas E. Howle, the appellant, who claims the premises under a parol contract to purchase from Josiah T. Vann.

At the hearing below, appellant was offered as a witness to prove his parol agreement for the purchase of the premises with Josiah T. Vann, deceased; and also to prove that he had paid the said Josiah T. Vann in full for said premises. The presiding judge held this testimony incompetent, under section 400 of the Code. The charge of his honor, the presiding judge, and appellant's exceptions will be incorporated in the report of the case. In considering the exceptions, we will follow the arrangement adopted by appellant's attorneys in the argument.

The first proposition of appellant is that he should have been permitted to testify in regard to his alleged parol contract with Josiah T. Vann for the purchase of the land in dispute, and as to payments made to the said Vann under such parol contract. This proposition embraces the first six of appellant's exceptions. The plaintiff is an heir at law of Josiah T. Vann, and her right to recover the land in dispute depends in part upon this fact. This is different from the case where the party suing to recover possession of land is simply an alienee of the heirs at law, and is not dependent upon his rights as an heir at law to sustain his action. The fact that the plaintiff is an alienee of the rights of the other heirs at law, as well as an heir at law, cannot prevent her from invoking the provisions of section 400 of the Code. She comes clearly within the provision of said section, and her rights can not be defeated because she is also an alienee of the rights of the other heirs at law. These exceptions are, therefore, overruled.

The second proposition of appellant is, that the presiding judge erred in refusing to charge the jury as requested in the 2d, 3d, 4th, 5th, 6th, and 9th requests to charge. The cause of action set forth in the complaint was *legal,* and the defence set up in the answer was *equitable,* in its nature. The legal issues were properly triable by the jury and the equitable issues by the court. The exceptions embraced in the second proposition are all based upon the equitable defence set

up in the answer, which the presiding judge was not compelled to submit to the jury, nor any requests to charge based upon such defence.  The defendant should have requested the Circuit Judge to decide the issues arising out of the equitable defence set up in the answer, but he had no right to have such issues passed upon by the jury.  The exceptions embraced in the second propositions are also overruled.

The third proposition of the appellant is founded upon the eighth exception, which is simply a quotation from the Circuit Judge's charge, and fails to point out any particular error.  Chief Justice McIver, in delivering the opinion of the court in *Finley* v. *Cudd*, 42 S. C., 125, says: "Before proceeding to discuss this exception upon its merits, it is proper to notice an objection to its consideration at all, which has been interposed by counsel for respondents, to wit: that the exception is simply a quotation from the judge's charge, and does not point out any particular error.  It is true, this court has taken occasion in several cases to condemn this mode of stating an exception, and very possibly, if there was no other error in this case, it would not be considered, &c."  Waiving, however, all objection to the form of the exception, we do not think it can be sustained.  Appellant's attorneys, in their argument, claim that it was error on the part of the presiding judge in charging *that if such testimony be true*, &c., when there was no such testimony introduced.  Even if there was error on the part of the presiding judge, it was harmless, and in no view was prejudicial to the rights of the appellant.  The eighth exception is overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.