SCHROEDER v. THE SPRINGFIELD FIRE AND MARINE INS. CO.

INSURANCE—WAIVER—NONSUIT.—When the agent of an insurance company issues and delivers a policy, which provides that no concurrent insurance shall be permitted on the property, and afterward, and before payment of premium, other insurance is taken out, and of this fact the agent is informed before payment of premium, and the premium not having been returned, are facts for the jury on the question of waiver, and nonsuit is improper.

Before WATTS, J., Florence, September, 1895. Reversed.

Action by S. C. Schroeder against The Springfield Fire and Marine Insurance Company. Motion of nonsuit granted. Plaintiff appeals on following exceptions:

I. Because the Court below erred in refusing to allow the witness, Meares, to answer the question: "Did you at that time, or about that time, notify the agent of the Springfield

Insurance Company of this matter?" meaning the matter of the Greenwich policy, and in holding that said question was not competent.

II. Because the Court below erred in holding as incompetent, and in ruling out the answer of the witness, Dennis, to the question: "Q. Please state what he (Chase) said in reference to these things (meaning the goods rescued from the fire)? A. When I took charge of them as watchman, he (Chase) said he had an interest in them;" and in holding as incompetent the question to said witness: "Q. Did he (Chase) state in whose interest he was employing you to take care of these things" (meaning the said personal property)?

III. Because the Court below erred in refusing to allow the plaintiff to show by the witness, Meares (and holding as incompetent), that "at the time Mr. Allen paid the amount of the premium to Chase & Sons, who were the local agents of the defendant, such agents had been informed that Commander had issued the Greenwich policy to the plaintiff;" and in holding that "under the case presented before the Court that such testimony is incompetent, and that so far as the testimony goes, the only way to show waiver would be by compliance with the terms of the policy, there being no other grounds disclosed by the evidence or suggested by counsel other than the simple offer to show knowledge of the local agents of the taking out of another policy upon the same property. In addition to this, I cannot see, if the agent chose to take the risk himself of accounting for the premium to the company and to indulge the person taking out the policy upon his individual account, how that binds the company in any way. If he delivers the policy without taking the money, he does so at his own risk, and it is the agent's own indulgence and (not) that of the company. The company insures with the undestanding that the money is paid, and the simple fact above stated could not, so far as I can see, bind the company." All of which appellants submit is error and unsupported by any evidence.

IV. That said Court should have held that the receipt of the premium under the terms of the policy sued on, after knowledge of the fact that the Greenwich policy had been issued, was an act recognizing the validity of the policy, and should have been allowed to go to the jury as a circumstance showing waiver on part of the defendant of the alleged breach of the conditions in policy against other insurance.

V. Because the Court below erred in refusing to allow plaintiff to show by parol facts and circumstances and conduct tending to show waiver of the alleged conditions of the policy against other insurance.

VI. Because the said Court should have held that forfeiture of the policy on ground of alleged breach of conditions against other insurance is a matter of defense, and is not a ground of nonsuit.

VII. Because the said Court should have held that there was some evidence to go to the jury.

VIII. Because the said Court erred in not giving the plaintiff an opportunity to put up evidence in reply after the defendant refused and neglected to introduce any testimony.

IX. Because the said Court erred in granting the nonsuit, it appearing from the testimony that part of the property covered by the defendant's policy was not covered by the Greenwich policy.

X. Because said Court erred in granting said nonsuit.

*Messrs. J. P. McNeill* and *Geo. G. Thomson*, for appellant, cite: *Company cannot set up conditions in policy if forfeiture is known to agent:* 36 S. C., 273; 48 S. C., 195; 69 Fed. R., 71. *Forfeiture is matter of defense, not ground for nonsuit:* 42 S. C., 14, 410; 43 S. C., 26; 46 S. C., 541.

*Messrs. Abney & Thomas* and *LeRoy F. Youmans*, contra, cite: *Company may limit power of its agents:* 117 U. S., 530; 95 U. S., 332; 96 U. S., 240; 36 S. C., 273; 31 N. E., 31, 265; 133 N. Y., 356; 36 N. E., 191; 57 N. W., 952; 32 N. W., 660; 35 N. W., 34; 26 N. W., 751; 66 N. Y., 274;

136 N. Y., 547; 85 N. Y., 278; 101 N. Y., 575; 144 Mass., 43; 17 N. W., 781; 8 Pac., 379; 73 N. Y., 10; 66 Cal., 6; 144 Mass., 43; 13 Duval, 270; 6 Rus. & G., 309; 21 N. B., 583; 23 Ins. L., 123; 133 N. Y., 365. *If plaintiff admits a defense which will defeat his cause of action, there is then a total failure of proof:* 23 S. C., 289; 36 S. C., 400; 29 S. C., 96; 44 S. C., 318; 42 S. C., 17; 43 S. C., 29; 46 S. C., 546. *The insured must take notice of conditions of policy:* 71 Mich., 414; 69 Tex., 353; 25 Am. St. R., 660; 117 N. Y., 530. *Waiver can only be made in mode prescribed:* 65 Mich., 527; 90 Mich., 302; 65 N. Y., 195; 125 N. Y., 57; 133 N. Y., 356; 57 Mich., 135; 94 U. S., 630; 13 Wall., 222; 117 U. S., 531; 73 N. Y., 10; 133 N. Y., 364; 96 U. S., 324; 26 Abb., N. C., 203; 16 Daly, 120; 23 Ins. L. J., 123.

Dec. 7, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action on a policy of fire insurance, in which the second paragraph of the complaint is as follows: "That on the 19th day of February, A. D. 1892, in consideration of the payment by the plaintiff to the defendant of $16.50, the defendants, by their agents, duly authorized thereto, made their policy of insurance in writing, and thereby insured the plaintiff against loss by fire for the term of one year, to the amount of $1,000, upon all her household furniture," &c. The principal defense relied upon by the defendant, and which involves the questions raised by the exceptions, is as follows: "That said policy of insurance contained a provision whereby the plaintiff covenanted and agreed, and it was stipulated by and between the parties thereto, that in case the assured shall thereafter, from the date of said policy, make any other insurance on the property thereby insured, without the consent of the company written thereon, then said policy should be void; and the defendant alleges that during the lifetime of said policy, to wit: on the        day of        , 1892, the plaintiff insured the property covered by the policy aforesaid, for the sum of $1,000, in the Greenwich Insurance

Company, without the knowledge or consent of the defendant written on said policy, or of its agents; and by reason thereof the said policy of insurance issued by this defendant to the plaintiff became null and void, and said plaintiff cannot now maintain an action thereon." The policy of insurance contained the following provisions: "No other concurrent insurance permitted * * * that this company shall not be liable until the actual payment of the premium * * * if the assured shall have or shall hereafter make any other insurance * * * without the consent of the company written hereon * * * then and in every such case this policy shall be void * * * nor shall the assured be entitled to recover of this company any greater proportion of the loss or damage than the amount hereby insured bears to the whole sum insured on said property, whether such other insurance be by specific or by general or floating policies. * * * And it is further expressly covenanted by the parties hereto that no officer, agent or representative of this company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing. * * * This policy is made and accepted on the above express conditions." * * *

After the plaintiff closed her testimony, the defendant made a motion for a nonsuit. The following appears in the case: "The plaintiff's counsel here announced that they rested, but immediately after such announcement they said to the Court that they desired to recall Mr. Meares, to prove that at the time Mr. Allen says he paid the amount of the premium to Chase & Sons, who were the local agents of the defendants, such agents had been informed that Commander had issued the Greenwich policy to the plaintiff."

The Court: "I have already ruled that, under the case presented before the Court, that such testimony is incompetent, and that, so far as the testimony goes, the only way to show waiver would be by compliance with the terms of the policy, there being no other grounds disclosed by the evidence or suggested by counsel, other than the simple

offer to show knowledge of the local agents of the taking out of another policy upon the same property. I cannot see, if the agent chose to take the risk himself of accounting for the premium to the company, and to indulge the person taking out the policy upon his individual account, how that binds the company in any way. If he delivers the policy without taking the money, he does so at his own risk, and it is the agent's own indulgence and not that of the company. I am, therefore, compelled to rule that the proposed testimony of Mr. Meares, objected to, is incompetent."

Plaintiff's counsel then announced that they rested their case. The defendant's counsel thereupon asked plaintiff's counsel if they had any further evidence to offer upon the question of waiver; that if they did not, the defendant would offer no testimony. Plaintiff's counsel not replying, the defendant's counsel stated that the proof being undisputed, and it appearing by the plaintiff's own evidence that the conditions of the policy had been broken, and that under the terms no action could be sustained, therefore, submitted that a nonsuit should be granted, or that the jury be directed to find a verdict for the defendant.

The Court: "What have you to say on that point, Mr. Thompson?"

Plaintiff's counsel: "We refer your Honor to the case of *Copeland* v. *Western Insurance Co.*, in which the facts were similar, except in that case the iron safe clause was involved. A motion of nonsuit was granted by Judge Townsend. The nonsuit was reversed by the Supreme Court on the ground that the plaintiff should have been given an opportunity to reply. We wish to put the plaintiff on the stand, if the defendant has closed."

Mr. Abney: "You can do so now."

The plaintiff declined.

Thereupon Mr. Abney stated that he had no evidence to offer, and asked that a nonsuit be granted.

The Court: "It strikes me that there is no testimony here

which would warrant the jury in finding for the plaintiff, and I will, therefore, grant your motion for a nonsuit."

The plaintiff appealed upon exceptions which will be set out in the report of the case.

The exceptions will not be considered *seriatim*, as they raise practically the single question, whether there was any testimony offered or introduced tending to prove waiver, relative to concurrent insurance. If there was no waiver on the part of the defendant, as to that provision of the policy which rendered it inoperative until *actual* payment of the premium of insurance, then it must be regarded as having been issued at the time the premium was *actually* paid. The plaintiff offered to introduce testimony for the purpose of showing that, at that time, the agent of the defendant had knowledge that there was other insurance on the property. Such knowledge would prevent the company from setting up, as a defense, that there was other insurance on the property when the premium was paid. *Graham* v. *Ins. Co.*, 48 S. C., 195. Equity and good conscience would not, under such circumstances, permit the company to take a premium of insurance and then claim that the policy was a nullity. After the defendant received notice of the fire, through the proofs of loss furnished by the plaintiff, it does not appear from the testimony that it offered to return the premium of insurance, and this was a fact tending to show waiver, and, therefore, properly for the consideration of the jury. It may be argued that the company waived the right to insist upon the requirement of the policy as to actual payment of the premium, but no testimony was introduced to show such waiver; and even if testimony had been introduced to prove this fact, it would have been for the consideration of the jury and not of the Court. It is true, the complaint alleges that the insurance was effected when the policy was delivered, and this fact is admitted in the answer; but even if it should be held that the defendant waived the right to insist upon the requirement of the policy as to the actual payment of the premium, still the offer to show by

the testimony that, when the premium of insurance was paid, the agent of the defendant had notice that there was other insurance, and the failure of the defendant to show that it offered to return the premium of insurance after receiving notice of the fire, through the proofs of loss furnished by the plaintiff, were facts for the consideration of the jury in determining the question of waiver. The presiding Judge was in error in excluding the testimony of Mr. Meares, and in granting the order of nonsuit.

The order of nonsuit is, therefore, set aside and the case remanded to the Circuit Court for a new trial.

MR. JUSTICE JONES. I concur in the result. The nonsuit was improper. See *Sample* v. *Ins. Co.*, 42 S. C., 14; *Copeland* v. *Assurance Co.*, 43 S. C., 26; *Carpenter* v. *Accident Co.*, 46 S. C., 546.

MR. CHIEF JUSTICE McIVER, *dissenting.* Being unable to concur in the conclusion reached by Mr. Justice Gary, I am compelled to dissent. But as I am unwilling to delay the filing of the opinion, I must content myself with simply indicating the points upon which I dissent, without undertaking to enter into a discussion of such points.

It seems to me that when parties enter into a contract, and reduce its terms to writing, that in the absence of any evidence of fraud or mistake, of which there is no pretense in this case, they must be held to the terms found in the written contract. It is conceded that the contract upon which the plaintiff's action is based is to be found in the policy of insurance, where the terms and conditions of the contract are set forth clearly and explicitly. One of the conditions there expressed is that if the assured shall effect other insurance upon the property covered by the policy, "without the consent of the company written hereon," the policy shall be void. There can be no doubt that this condition was violated, for the plaintiff's own testimony shows that fact; and hence, by the plaintiff's own showing, she had no cause of action.

But it is said that this condition might be, and was, waived
by the company.    It is true that there might be a waiver
of this or any other condition in the contract; but the con-
tract expressly provides how *alone* such waiver might be
made, viz: by a writing indorsed on the policy; and there
is no pretense that there was any evidence of such indorse-
ment.    Hence the testimony offered to show a waiver in
any other way than that specifically provided for in the
contract, was irrelevant and incompetent.    It is said, how-
ever, that the premium had not been actually paid at the
time of the issuing of the policy, and that by one of the
terms of the policy it did not take effect until actual pay-
ment of the premium, and such actual payment was not
made to the local agent until after such agent had notice
that other insurance had been taken out on the property;
and, therefore, the policy was void in its inception, and
hence the defendant could not maintain the defense upon
which it relied without showing a return or an offer to re-
turn the premium subsequently paid.  . In view of the alle-
gation in the complaint, "That on the 19th day of February,
A. D. 1892, in consideration of the payment by the plaintiff
to the defendant of the premium of $16.50," &c., and in
view of the statement in the policy, filed as exhibit A, and
offered in evidence by the plaintiff, that "The Springfield
Fire and Marine Insurance Company, of Springfield, Mass.,
in consideration of $16.50 to them paid by the insured,"
&c., it seems to me that both the plaintiff and the insur-
ance company are estopped from saying that the premium
was not actually paid on the 19th of February, 1892, the
date of the policy, which was before the second policy was
taken out, and, of course, before the local agent of the de-
fendant company could have had notice of the additional
insurance taken out on the 23d February, 1892.    The test
of this is, that if the property insured had been destroyed
by fire between the 19th and the 23d of February, 1892,
could there be a doubt that the company would be liable?
because they could not be heard to say that the premium

had not been actually paid to their local agents at the time of the fire, in face of their policy acknowledging receipt of the premium at the date of the policy. While, therefore, it may be true that if the policy was void in its inception, the company would be precluded from taking advantage of the failure of the condition which rendered the policy void in its inception without returning or offering to return the premium received by the company; yet the same would not be true where a policy, valid in its inception, has been rendered void by some act or omission of the assured after receiving such policy; for in this case I am unable to perceive any reason why the company should be required to refund the premium. In such case the assured gets what he bargained for in consideration of the premium, viz: a valid policy for which he pays; and if the assured by his own act renders the policy valueless, there is no reason why the premium should be refunded.

I am unable to perceive how the appellant can complain of what occurred when she closed her case, which is fully set forth in the opinion of Mr. Justice Gary. When defendant's counsel asked plaintiff's counsel if they had any further evidence to offer upon the question of waiver, adding that, if they did not, the defendant would offer no evidence, and received no reply, it seems to me that the motion for a nonsuit properly followed. But, more than this, when, in the argument of the motion for a nonsuit, plaintiff's counsel expressed a desire to put the plaintiff on the stand, and was told that he could do so then, and plaintiff's counsel declined to avail himself of the opportunity offered, I am at a loss to conceive what cause of complaint the plaintiff can possibly have; especially as it appears that defendant's counsel then stated that he had no evidence to offer, and hence there was nothing for the plaintiff to reply to. It will be observed that the plaintiff, by her own testimony, had shown a breach of the condition as to additional insurance, and hence it was necessary for her to show, in her evidence in chief, that there had been a waiver of such con-

dition, for otherwise her own testimony would have proved her out of Court. But inasmuch as the defendant offered no testimony in reply, I am unable to perceive how the plaintiff was prejudiced, as there was nothing to which she could reply.

For these reasons, thus briefly and imperfectly stated, I am of the opinion that the judgment of the Circuit Court should be affirmed.