CROSSWELL v. THE CONNECTICUT IND. ASS'N.

1. EVIDENCE—CHECKS.—When the payee of a check never presented it for payment, evidence as to whether the bank would have paid it is immaterial. ·

2. CHARGE—WAIVER—ESTOPPEL.—Jury not misled by charge upon doctrine of waiver and estoppel.

3. CHARGE.—The jury were instructed that burden of proof was on plaintiffs.

4. IBID.—Language used in a charge in reference to a matter not in issue is harmless.

5. IBID.—A statement in a charge that the propositions in a request had been covered by another part of the charge, indicating what part, cannot be construed to be limitations upon the doctrine expressed in the request.

Before BENET, J., Sumter, November, 1896.    Affirmed.

Action by John Crosswell and Arthur Crosswell against the Connecticut Indemnity Association, on the following complaint:

1. That the defendant above named is a corporation duly chartered under the laws of the State of Connecticut, under the name of the Connecticut Indemnity Association, and at the times hereinafter mentioned was conducting its corporate business in this State by and through its officers duly authorized thereto.    2. That at the times hereinafter mentioned, the plaintiffs were, and now are, residents of the said county of Sumter, and State of South Carolina, and that the cause of action hereinafter mentioned arose within the said State of South Carolina.    3. That on the 31st day of August, 1893, at Eastover, in said State, in consideration of the payment to it of the premium of $43.20 by Mrs. Susan U. Crosswell, the said defendant, by its officers and agents duly authorized thereto, made and delivered to said Susan U. Crosswell its policy of insurance, numbered 12360, in the sum of $1,000, bearing said date, and did thereby insure the life of the said Susan U. Crosswell against death during the period of twelve months from said 31st August,

1893, and did thereby promise to pay the said sum of $1,000, with the cumulative additions, as provided in and by the terms of said policy, less any indebtedness due said association on account of said policy, within ninety days after receipt of satisfactory proofs, made out on its own blanks, of the death of said Susan U. Crosswell, the insured, during the continuance of said policy in force, all of the conditions having been complied with, to John and Arthur Crosswell, her sons, equally, if living; otherwise, to the executors, administrators or assigns of the said insured. 4. That the plaintiffs herein are the said John and Arthur Crosswell, the sons of the said Susan U. Crosswell, the insured, under said policy. 5. That the said policy was continued in force from year to year by the payment of the premiums therein required, and was in full force and effect at the time of the death of the said Susan U. Crosswell, hereinafter mentioned. 6. That on or about the 7th day of January, 1896, the said Susan U. Crosswell departed this life, leaving surviving her her said sons, the plaintiffs herein. 7. That said Susan U. Crosswell, prior to her death, duly fulfilled all the conditions of said insurance on her part. 8. That in compliance with the provisions of said policy, and within ninety days after the death of the said Susan U. Crosswell, these plaintiffs notified the defendant herein of said death-loss, and demanded from said defendant blank proofs of the loss whereon to make out proofs of said loss, as required by said policy; but that this demand was refused by said association, and these plaintiffs have duly fulfilled all the conditions of said insurance on their part. 9. That these plaintiffs have made demand upon said association, defendant, for the payment to them of the said sum of $1,000, and the cumulative additions, as provided in said policy, more than ninety days having elapsed since the death of said Susan U. Crosswell; which payment has been refused by the defendant, and no part of the same has been paid; on the contrary, the defendant claims that said insurance is void, and denies all liability under said policy, and has

refused to pay the same or any part thereof.    Wherefore, the plaintiffs above named demand judgment against the defendant above named for the said sum of $1,000, and the cumulative additions as provided in said policy, and the interest thereon from the said 7th day of January, 1896.

The third defense was identical with the second down to the following point, where it proceeded as follows: That the said policy was issued upon the condition that the provisions and requirements printed or written by the said association upon the back of the said policy were accepted by the said Susan U. Crosswell as part of the contract as fully as if they were recited at length over the signatures of the president and secretary of the said association affixed to the said policy; that among the provisions and requirements so as aforesaid printed by the said association on the back of the said policy, and so as aforesaid accepted by the said Susan U. Crosswell as part of the contract of insurance evidenced by the said policy, were provisions in the words following, that is to say: "1. The application on the faith of which this policy issues is hereby referred to and made part of this contract." * * * "2. The insured further agrees and accepts this policy upon the express condition, that if any payment (after the first) is not made to the association within ten days after the same is due, then this policy shall be null and void, and of no effect, and all payments which shall have been made to the association on account of this policy shall be forfeited, and no person shall be entitled to damages, or the recovery of any money paid for protection while this policy was in force." * * * "3. All payments are due at the home office of the association, in the city of Waterbury, on the date named in this policy, but will be accepted elsewhere when duly made in exchange for a receipt signed by the president or secretary, and payment made to any person, except in exchange for such receipt, will not be recognized by the association, or be deemed by either party as a valid payment.    If for any reason a payment be received later than ten days after it becomes due,

it is upon the express condition that the insured is at the time of the receipt of such payment in good health, and of correct, sober, and temperate habits; and if the fact is otherwise, the policy shall not be put in force by such receipt, and such receipt must, in every case, be understood by the parties as an act of courtesy on the part of the association, and in no case as constituting any obligation to waive the payment of a future premium, when due." * * * "4. * * * If the conditions of this policy shall not be in all respects observed and performed by the insured, then in all such cases this policy shall be null and void, and of no effect, and no person shall be entitled to damages, or the recovery of any moneys paid thereon."

That in and by the said application so as aforesaid made a part of the said policy or contract of insurance, it was declared, stipulated, agreed, and warranted by the said Susan U. Crosswell, among other things, in words following, that is to say: "If I or any of my representatives shall omit or neglect to make any payment as required, in respect of amount, place and time of payment by the conditions of such policy, then the policy to be issued thereon shall be null and void, and all money paid thereon shall be forfeited to said association. And it is further agreed that the membership hereby applied for shall be subject only to the conditions and agreements contained in the policy of insurance to be issued hereon." 4. The defendant, denying the allegations contained in paragraphs 5, 7 and 8 of the said complaint, avers that on the 31st day of August, 1895, during the continuance of the said policy, by virtue of the terms, provisions, conditions and agreements contained in the said policy or contract of insurance, and of the application so as aforesaid made a part thereof, as hereinabove set forth, a payment (after the first) amounting to the sum of $43.20, by way of premium on the said policy, became due and payable to the defendant association at its home office at Waterbury, in the said State of Connecticut, but that the said payment was not made, tendered or offered to be made

at the said time, or within ten days thereafter, and has not since been made to or received by the defendant association or otherwise; and the defendant avers that the said policy thereupon became lapsed, null and void, and that the payments theretofore made thereon were then, and thereby became, forfeited to the said defendant, of all of which the said defendant duly notified the said Susan U. Crosswell and the said John Crosswell and Arthur Crosswell, the plaintiffs herein.

Judgment for plaintiff. Defendant appeals.

*Messrs. Melton & Melton, John T. Seibels,* and *W. D. Melton,* for appellant, cite: *Error to admit evidence as to custom of bank to pay checks when account is overdrawn:* 144 U. S., 476; 7 Cush., 417. *Policy becomes void after non-payment, when it provides payment at certain time:* 93 N. Y., 70; 64 Ia., 134; 56 Miss., 512; 52 Md., 16; 58 Md., 463; 81 Ind., 300; 104 U. S., 88; 105 N. Y., 437; 52 Tex., 504; 4 S. C., 321; 28 S. W. R., 117. *Check only means of obtaining payment:* 1 Hall, 56; 4 Johns., 296; 5 Wend., 490; 1 Rich., 36; 9 How., 403; 23 Kan., 408.

*Messrs. Lee & Moise,* contra, cite: *Judge final arbiter in settling case:* 27 S. C., 63; 20 S. C., 190. *Verdict not disturbed for irrelevant testimony not injurious:* 50 S. C., 129. *Company waived objections to validity of check by returning it:* 36 N. J., 29; 37 S. C., 70; 29 S. C., 560; 37 S. C., 419; 98 Pa., 627; 7 Ohio St., 257. *Tender of check payment, if not objected to at time:* 7 Ohio St., 257; 122 N. Y., 247; 25 N. E. R., 299; 124 Mass., 366; 13 Kan., 426. *Payment by mail is made when letter is deposited in office:* 28 N. Y. Supp., 794; 122 N. Y., 247; 25 N. E. R., 299; 28 N. Y. Supp., 231; 13 Allen, 410; 99 Mass., 596; 66 Hem., 543; 21 N. Y. Supp., 734; Cheves, 197; 45 S. C., 606. *Waiver and estoppel:* 36 N. W. R., 225. *Is a question of fact:* 29 S. C., 583; 15 S. C., 11; 46 S. C., 491. *Exceptions too general:* 48 S. C., 321, 430; 51 S. C., 37, 55. *Ex. not appli-*

*cable to corrected charge:* 48 S. C., 350. *Charge consid-ered as a whole:* 42 S. C., 170; 23 S. C., 191. *Stating hypothetical case permissible:* 47 S. C., 488.

March 14, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. In order to understand the ques-tions raised by the exceptions, it will be necessary to set out the complaint and the third defense in the report of the case. The case was tried before his Honor, Judge Benet, and a jury, at the November, 1896, term of the Court for Sumter County. The jury rendered a verdict in favor of the plaintiffs.

The defendant appealed, upon exceptions which were prepared before the charge of the presiding Judge had been corrected, and, therefore, some of the exceptions are inapplicable to the charge. The first exception is as follows: 1. "Because his Honor, the presiding Judge, erred in permitting the witness, L. S. Carson, the cashier of the National Bank of Sumter, against the de-fendant's objection, to testify that it was the custom of the said bank to pay checks of its customers in good standing, although their accounts were overdrawn." The following printed condition is indorsed upon the policy: "In case any note, check or draft given in payment, or part payment, of money due the association, shall not be paid at maturity, this policy lapses, in the same manner as it would had the payment not been made when due." No time was speci-fied in the draft when it was to be paid; it was, therefore, payable on demand. Payment, however, was not demanded, but the draft was returned to Mrs. Croswell, on the ground that it was not received until the policy had lapsed on ac-count of the non-payment of the premium. Under these circumstances, even if there was error, it was harmless, and this exception is overruled.

The second exception is as follows: 2. "Because it hav-ing been proved, or conceded, that the plaintiff, Arthur Croswell, when he drew the check for $43.20 on the First

National Bank of Sumter, did not have on deposit there a sufficient amount to pay it, his Honor, the presiding Judge, erred in permitting the witness, L. S. Carson, cashier of said bank, against defendant's objection, to testify that he would have paid said check if it had been presented to the said bank on the 7th of September, 1895, the date of the check." This exception is disposed of by what was said in considering the first exception.

The third exception is as follows: 3. "The right of the defendant company to payment of the premium of $43.20, at the times and place prescribed in the policy, was a question of law arising out of the very terms of the contract or policy sued on, and should not have been left to the jury to determine; so that, it is respectfully submitted, his Honor, the presiding Judge, erred in charging the jury: (1) That they must decide whether it was entitled, or whether the right existed, to have that amount of money paid within a certain time or in a proper manner, and at a proper place; and (2), that being a matter of defense, it was incumbent on defendant to satisfy them, by the clear preponderance of the evidence, that said payment was not so made; whereas we contend that (1) the right existed under the contract, unless there had been waiver, as hereinafter defined, and the only questions for the jury to decide, under proper instructions, were: had there been a waiver? or, if not, had there been payment, in due time, in proper manner, and at the proper place? and (2) on these issues the burden of proof was on plaintiffs." This exception was prepared before the charge was corrected, and is, at least in part, inapplicable to the charge as corrected. Furthermore, when all of his Honor's charge is read that has reference to the questions mentioned in the exception, it will be seen that there was no error.

The fourth exception is as follows: 4. "Because his Honor erred in each and every portion of the main charge to the jury in this case, in stating or referring to the doctrines of waiver and estoppel, and the application of these doctrines

to the issues involved, for the reasons: (1) that the plaintiff claiming the waiver must show that he relied upon such waiver, and was misled, to his prejudice, by the act, conduct, course of dealing, or by the non-action of the defendant, in such way as to estop the defendant from asserting its legal right; whereas this limitation of the doctrine of waiver, in contracts of insurance, was ignored and disregarded throughout the trial. To instance, his Honor, after defining waiver to be 'the relinquishing, giving up or surrendering some known legal right,' charged the jury that it may be found to exist if one 'acts in such a way * * * that his conduct implies that he has waived his right,' and that 'waiver and estoppel amount to a bar or obstruction when once established,' and that 'waiver might be said to be an estoppel;' and not only authorized, but directed, them to apply it, without warning them that in a case such as this, it could have no practical application at all, unless they found to exist the limitations and conditions just stated." After charging the jury in a general way upon the question of waiver, his Honor charged defendant's first and second requests, which embody the limitations mentioned in the exception, and in no respect were the jury misled upon this question. This exception is overruled.

The fifth exception is as follows: 5. "Because in charging the jury upon the questions as to the drawing and forwarding the check for the premium of $43.20, of date 7th of·September, 1895, by the plaintiff, Arthur Crosswell, to the defendant, and its receipt at the home office, his Honor erred in omitting to instruct the jury that the burden of proof was on the plaintiffs." An inspection of the charge will show that the defendant had the benefit of the proposition of law, mentioned in the exception, which likewise is overruled.

The sixth exception is as follows: 6. "That his Honor, the presiding Judge, erred in charging the jury, that if they believed that whether the plaintiff, Arthur Crosswell, 'had

enough money in the bank or any money in the bank at all, if he had credit at the bank, to such an extent that the bank would honor his check, whether his account was overdrawn or not, the check was good payment, if offered in payment; and erred in further charging the jury that 'if he (A. W. Crosswell) did not have the money in bank, to meet the check when presented for payment, and the jury believe that the bank would have paid the check when presented— if the check was received at the home office of the defendant before midnight of the 10th of September—this was a good payment;' whereas this instruction was inconsistent with the sound proposition previously charged, that if he, the said A. W. Crosswell, 'did not have that amount of money to his credit in the bank on which the check was drawn, then the check would not be payment:' whereas the only issue on this point to be submitted to the jury was, whether the said plaintiff had sufficient funds in the bank to meet the check, at the time it was drawn, and at the time it would have been presented in the usual course of business." This exception is disposed of by what was said in considering the first exception.

The seventh exception is as follows: 7. "Because his Honor, the presiding Judge, erred in charging the jury that if they found from the evidence that the premium for the year 1894 was paid with a check on the bank, 'it was for them to say whether that was a waiver of the right of the company thereafter to expect payment in cash;' whereas the manner or mode of payment in 1894 could not operate to vary the contract right of the company as to subsequent premiums, and could not operate as a waiver of any rights of the defendant; and even if the proposition was proper to be considered, his Honor omitted to state the limitation or condition upon which alone such waiver could be predicated—that is to say, that the plaintiff relied on such waiver, and was misled to his prejudice to such an extent as to create an estoppel; and secondly, there was no proof that the company claimed or expected payment

of any premium in cash." The defendant did not contend that the payment of the premium had to be made in cash; so that even if there was error, it was harmless, and the exception is overruled.

The eighth exception is as follows: 8. "Because the presiding Judge erred in submitting to the jury the question, whether the defendant 'let the plaintiff send one check and accept it in payment, and afterwards declined a check in payment,' and also erred in charging the jury that 'it is for you to say whether the company has the right to demand cash instead of a check;' whereas there was no proof that the defendant declined such check in payment on this ground, or demanded cash instead of a check; and no such issue of fact was presented to the jury by the evidence; that portion of the charge being based upon the mistaken assumption that the defendant had taken a position which it never assumed and which was distinctly disclaimed. We respectfully submit that this was an infringement of the constitutional provision as to Judges charging as to facts." The language of the presiding Judge was in reference to a matter which was not put in issue, and even if there was error, it was harmless.

The ninth exception is as follows: 9. "Because his Honor erred in the remainder of his instructions to the jury as to the doctrine of 'waiver,' in that he omitted to state the limitations and conditions that the plaintiffs must have relied on, the act or conduct of the defendant, and thereby must have been misled to their prejudice; and secondly, in charging that any act that is calculated to mislead the plaintiffs, might amount to a waiver." The appellant states in his argument that the last proposition complained of in the reported charge is omitted from the substituted charge. That proposition is, therefore, necessarily withdrawn from our consideration. Not only is this exception too general to be considered, but is disposed of by what was said in considering the fourth exception. See also the seventh of defendant's requests, which the presiding Judge charged.

The tenth exception is as follows: 10. "Because at the close of the charge, which had wholly ignored the limitations and conditions essential to be considered in relation to the doctrine of waiver, as set forth hereinbefore in the fourth and ninth of these exceptions, and in reading and granting the first, second and seventh requests as submitted by the defendant, his Honor erred in omitting to correct any erroneous impressions which may have been made on their minds by the charge so widely at variance and inconsistent with the said requests as to be impossible of reconcilement with them." This exception is too general, but apart from such objection, the charge when considered in its entirety as to waiver, will be found to be free from the error alleged in the exception.

The eleventh exception is as follows: 11. "Because his Honor erred in not submitting to the jury the third and fourth requests, unconditionally, and without reference to the alleged fact that the plaintiff, Arthur Crosswell, 'had credit at the bank.' And practically the issues presented by the said requests were to be considered only if they found, under a previous portion of the charge, that the defendant was entitled to have its premium paid at the time and place stipulated." In charging the third request, the presiding Judge said: "I have charged you that, in connection with my charge about whether Arthur Crosswell had credit at the bank;" and in charging the fourth request, he said: "I have charged you that, with reference to the fact, if it is a fact, that he had credit at the bank." These words were not intended, in any respect, to limit the doctrine stated in these requests, nor to attach conditions to them, as alleged in the exception, which is overruled.

The twelfth exception will not be set out, as the appellant's attorney, in his argument, says that if the substituted charge should be adopted, the exception would be unavailing, and the substituted charge was adopted.

The thirteenth and fourteenth exceptions were abandoned.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.