## STATE v. STILL.

1. EVIDENCE—REPUTATION—DECLARATIONS—MARRIAGE—ADULTERY.—In prosecutions for adultery, marriage may be proved by general repute or the declarations of the parties.
2. CHARGE.—If Judge, in stating issues to jury, commit error in saying that defendants admit certain facts, his attention should be called to it at the time, to make it the basis of an exception.

Before GARY, J., Barnwell, March term, 1903. Affirmed.

Indictment against Lavinia Still and J. M. Lewis for adultery. From sentence, defendants appeal.

*Messrs. J. O. Patterson* and *C. A. Best,* for appellants, cite: 15 Ency., 2 ed., 309; 1 Green. on Ev., 139.

*Assistant Attorney General Townsend,* contra.

December 8, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendants were convicted of adultery, and have appealed to this Court upon exceptions— the first two of which raise the question whether it was competent for the State to prove the fact of marriage by general reputation and the declarations of the parties. The defendants contended that "marriage in a criminal action cannot be proved by hearsay evidence, but that the witnesses who were present are the proper parties to prove it by, if there was ever any marriage." The rule of evidence in cases of adultery is the same as that in bigamy; and whatever may be the rule elsewhere, it is settled in this State, that the fact of marriage may be proved by general reputation and the declarations of the parties. *State* v. *Briton,* 4 McC., 256; *State* v. *Hilton,* 3 Rich., 434. This principle is also sustained by numerous other decisions, among which may be mentioned *Miles* v. *United States,* 103 U. S., 311, and *Wolverton* v. *State,* 47 Am. Dec. (Ohio), 373.

The next assignment of error is: "Because his Honor erred in charging the jury that 'The defendants at the bar admit they are married;' whereas, it is respectfully submitted that this was erroneous, as the defendants did not testify or make any admissions." This will be considered in connection with the remaining assignment of error, which is as follows: "Because his Honor erred in charging the jury: 'Was Lavinia Still lawfully married at the time that she and her co-defendant married?' whereas, we respectfully submit that this was charging upon an assumed fact, which was erroneous and calculated to mislead the jury, in that it indicated that the fact of the marriage was established by evidence." If, in stating to the jury the issues involved, the presiding Judge erred in supposing that the defendants admitted they were married, it was their duty

to have called the alleged error to his attention, and having failed to do so, they cannot make his charge in this respect the basis of an appeal to this Court. We reach this conclusion with less reluctance, as the jury might have found very properly from the testimony that the defendants were guilty of adultery, even if they were married, provided they also found that Lavinia Still and Bud Still were previously married. All the exceptions are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.