6934

PLUNKETT v. PIEDMONT MUTUAL INS. CO.

1. PLEADINGS—FRAUD.—A DEFENSE alleging misrepresentation and concealment is virtually an allegation of fraud.

2. CHARGE.—An instruction upon an issue not raised in the pleadings or a mistake in stating issues is not reversible error unless attention of court is called to it.

3. INSURANCE—WAIVER.—An agent of a mutual insurance company, authorized to solicit insurance, to collect premiums, and to issue policies by indorsement, has the power to waive the conditions of the iron safe clause in the policy of a mutual insurance company, which stipulation was a warrant, precedent in the constitution, by-laws and contract of insurance and by which it was provided the contract could only be altered by the president or secretary of the company.

Before MEMMINGER, J., Aiken, Fall Term, 1907. Affirmed.

Action by W. W. Plunkett against the Piedmont Mutual Insurance Company. From judgment for plaintiff, defendant appeals.

*Messrs. Carlisle & Carlisle* and *Croft & Croft,* for appellant. *Messrs. Croft & Croft* cite: *The iron safe clause is an essential warranty:* 65 Ark., 240; 63 Ark., 43; 8 Ind., 275; 4 L. R. A., N. S., 607; 58 Mo. App., 596; 63 N. Y., 108; 169 Ill., 626. *Such warranty cannot be waived by an agent*

*except in the manner provided by the policy:* 1 L. R. A., 216;
66 A. D., 410; Richards on Ins., 80; 9 A. D., 111; 6 Gray,
169; 11 Cush., 265; 8 W. R., 815.    *Acceptance of premium
or assessment by home office is a waiver of all forfeitures
then known:* 133 Mass., 85; 14 Gray, 203; 4 Allen, 116; 1
Beasley, 133; 65 N. Y., 21.    *It is a violation of duty of
officer to alter contract contrary to by-laws:* May on Ins.,
sec. 146; 9 Allen, 329; 6 Gray, 169; 8 Gray, 37; 1 L. R. A.,
222; 73 N. Y., 5; 51 I. & S. Ins. Co. L., 475; 2 L. R. A.,
418.    *Mere breach of warranty avoids policy:* 40 L. R. A.,
315; 111 Ga., 622; 4 L. R. A., N. S., 612; 117 U. S., 519;
15 Fed. R., 940; 86 A. D., 362; Richards on Ins, 62, 66.

*Messrs. W. M. Smoak, Davis, Gunter* and *Gyles,* contra,
cite: *As to instruction upon an issue not raised by the plead-
ings or a mistake in stating issues:* 74 S. C., 136; 44 S. C.,
546; 51 S. C., 469; 68 S. C., 38.    *Same principles apply to
mutual assessment companies as to old line insurance com-
panies:* 19 Cyc., 777; 55 S. C., 589; 78 S. C., 403.    *As to the
law of waiver generally applicable to insurance cases:* 52 S.
C., 228; 36 S. C., 273; 48 S. C., 195; 51 S. C., 186; 48 Am.
St. R., 535; 78 S. C., 388; 74 S. C., 250; 77 S. C., 294,
489; 19 Cyc., 789.

June 29, 1908.    The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE.    Plaintiff commenced his
action against the defendant on the 20th day of October,
1906, to recover the sum of three hundred dollars, because
of the destruction by fire of his one-story shingle roof house,
wherein he kept a general stock of merchandise, all of which
was destroyed by fire on the 7th day of August, 1906.
Against such destruction by fire the defendant had issued its
policy of insurance.

The complaint set forth the ownership and destruction of
such stock of merchandise and the insurance thereof by the
defendant on the 16th day of June, 1906.

The answer of the defendant denied all the allegations of the complaint, except its corporate character, and that it had issued the policy referred to; but it denied that there was any liability by the defendant, because it alleged that the plaintiff was not the owner of said stock of goods; second, that the stock was over-valued; third, that said plaintiff had failed to keep an inventory of his said stock of merchandise and preserve the same either in an iron safe or in some safe place secure from destruction by fire.

The matter came on for trial at the fall term of the Court of Common Pleas for Aiken county before Judge R. W. Memminger and a jury. And after the hearing of testimony on both sides and the charge of the presiding Judge thereon, the jury returned a verdict in favor of the plaintiff for the sum of two hundred and fifty dollars. Thereupon the defendant appeals to this Court on four grounds, which we will now consider in their order.

1. "Because his Honor erred in charging the jury as follows: 'If you are satisfied from the testimony that he has perpetrated a fraud or swindle upon this company by misrepresentation of anything material going to make up the contract, or by concealing anything from them which was material; if he has concealed or misrepresented anything to the company, which is material in the matter of the contract, then he ought not to recover and cannot recover in the case.' For it is submitted that there was no testimony, on, nor was there any pleading raising the defense of fraud, and that, therefore, said charge was inapplicable, misleading, and in fact, prejudiced the defendant's case, as in effect it inferred for the jury a defense upon which the defendant did not in fact rely."

We do not see that there was any error by the Circuit Judge in directing the jury that if they found any fraudulent practices adopted by the plaintiff against the defendant they would return a verdict for the defendant. We think the defendant, by its answer, virtually set up fraud and, therefore, it was the duty of the Circuit Judge to admonish the

jury of their duty in such case.   But apart from this we do not think the defendant has prepared himself to thus assail the charge of the Judge; no motion for a new trial or the direction of a verdict or the alleged error in the charge of the Circuit Judge was brought to his attention, either on motion for arrest of judgment or otherwise.   This Court has held that in order to make an objection to the Judge's charge upon the ground before referred to, the defendant should have called his Honor's attention to the fact that he did not rely upon the defense of fraud.                   ·

The question of the Circuit Judge instructing the jury upon a question not involved in the pleadings or of a mistake in stating issues arising therefrom has been before this Court several times.   It will be seen by referring to the case of *Nickels* v. *Rwy. Co.,* 74 S. C., 102, 136, 54 S. E., 255, that, "Whatever may be the view elsewhere, our cases support the view that an instruction upon an issue as to which there is no evidence whatever or a mistake in stating issues, is not reversible error unless the attention of the Court is called to the matter."   See *Vann* v. *Howle,* 44 S. C., 546, 22 S. E., 735; *Crosswell* v. *Association,* 51 S. C., 469, 29 S. E., 236; *State* v. *Still,* 68 S. C., 38, 46 S. E., 524.   This first ground of appeal is overruled.

2. "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'If you decide-from the testimony that an agent of the company having something more than the mere power of soliciting the insurance knew that he did not have an iron safe, and that he did not keep his books in that place, and nevertheless issued the policy and let the policy continue in force, why, you would realize at once that that would not be fair to the man because the knowledge that the agent had of those facts would be imputed to the company; the company would be held to know that he did not, and it would be estopped; it could not then come in and say that the policy was forfeited because the man did not comply with that clause; that would not be fairness and it is not law.'   For it is submitted that

since the defendant company is a mutual insurance company, the stipulations in the policy that the assured would keep inventory books in a safe place as called for in the contract of insurance, was a warranty precedent under the constitution, by-laws and contract of insurance of the defendant company, and as such the jury should have been instructed that the same could not be waived by any act of an agent of the defendant company except in the manner expressly provided in the policy itself."

We have so often considered what is known as the "iron safe clause" that it is scarcely worth while to go into a minute discussion of this subject. In 19 Cyc., 777, it is said: "When an insurance contract is conditioned to become void in case there be a breach of a condition precedent or subsequent, the true meaning is not that the instrument is upon a breach thenceforth a nullity and has no legal existence, but only when upon the violation of his covenants by the insured, the insurer shall cease to be bound by his covenants." "The same rule as to waiver applies to mutual companies as to other companies" (note 15). Also, see cases *McBride* v. *S. C. Mutual Ins. Co.,* 55 S. C., 589; *Morrison* v. *Mutual Benevolent Association of Chesterfield County,* 78 S. C., 503; *Sparkman* v. *Supreme Council,* 57 S. C., 16, 35 S. E., 391.

It is now well established that the doctrine of waiver and also estoppel obtain in our Courts; see cases already cited and *Gandy* v. *Insurance,* 52 S. C., 228, 29 S. E., 655; *Pelzer Mfg. Co.* v. *Sun Fire Ins. Co.,* 36 S. C., 273, 15 S. E., 562; *Graham* v. *Ins. Co.,* 48 S. C., 195, 26 S. E., 323; *Schroeder* v. *Ins. Co.,* 51 S. C., 186, 28 S. E., 371, and *Mitchell* v. *Miss. Home Ins. Co.,* 48 Am. St. R., 535. Now, the facts established at the hearing in the case at bar were that while this insurance company in its constitution and by-laws did announce that it was not in the power of an agent to alter or modify what is known as the iron safe clause, or a requirement that the books should be kept in a safe place outside of the burnt building, yet, that where an

agent of the insurance company agrees that no iron safe should be required of the insured or books be preserved, and the plaintiff paid his money for the premium of insurance and otherwise relied upon such promise of the agent, such action by the agent was a waiver of such provisions in the constitution and by-laws. In the case at bar, Mr. Moore, one of the defendant's agents, when he was urging the plaintiff to take out a policy in his company, was told that he had no iron safe nor did he keep a set of books concerning his business, and he thereupon assured the plaintiff that in a small business like his neither requirement was exacted of him by his company, there was no denial in the testimony of these statements of facts, and the company could be held to have waived the same notwithstanding they were embodied in the constitution and by-laws of such defendant company, and could not be altered except by the president or secretary.

The testimony in this case shows that Mr. Moore was not simply a soliciting agent so-called, but that he was held out by the defendant as competent to receive the premiums and transmit the policy when issued to the plaintiff with the indorsement in writing thereon; that the same was witnessed and approved by Oliver Moore, as agent of the defendant company, in those very words.

We must hold, therefore, that the defendant company waived its stern requirements in regard to the iron safe clause and existence of a set of books outside the safe. This exception is overruled.

3. "Because his Honor, the presiding Judge, erred in modifying the defendant's third request, which is as follows: 'That the application for insurance, made by the plaintiff in this case, is by mutual agreement a part and parcel of a contract of insurance, and in the same, the plaintiff represented and declared that he was the absolute owner of the property insured, and with this representation on the application the defendant company issued him a policy of insurance. Now, if the jury find from the evidence that the plaintiff was not the real owner as represented by his application for insur-

ance, then your verdict should be for the defendant company.' I charge you this, as I want you to clearly understand in connection with this doctrine of waiver, under that very instruction that the plaintiff must be the owner of the property. In a case which has been before our Court, the plaintiff was not the entire owner of the property, and it was known to the agent of the company that he was not the owner as represented, and the Court held that there was then knowledge to the company that he was not the actual owner, and therefore, waiver of that condition in the policy.

"For it is submitted that since the defendant company is a mutual insurance company, and the plaintiff a member of the same at the time mentioned in the pleadings, his Honor should have instructed the jury that knowledge by an agent of the defendant company that the assured was not the owner of the property insured cannot be imputed to the defendant company as a waiver of the stipulations in the contract of insurance."

4. "Because his Honor, the presiding Judge, erred in charging the plaintiff's first and only request, which is as follows: 'First. If the jury find from the evidence in the case that the agent in this case was more than a mere soliciting agent of said company, and had further powers, then if said agent had knowledge in any way that no iron safe or books were being kept in accordance with the terms of the policy, then the agent's simple knowledge of those facts was knowledge of the company, even though the agent failed to communicate the facts to the company.' For it is submitted that his Honor should have instructed the jury that even though they find that the soliciting agent had 'further power,' his knowledge could not be imputed to the defendant company as a waiver of any stipulations in the contract of insurance, unless it appears from all the circumstances and appearances that the 'further powers' were of such a nature as to justify the plaintiff's belief that such agent had power to bind the defendant company in this particular act, for such agent may have 'further powers' than a mere soliciting agent, yet

the circumstances may not have justified the plaintiff in believing that he had sufficient power to bind the company in an unauthorized act."

The third and fourth exceptions are virtually to the same effect as the first and second, which we have considered, and for the reasons advanced in considering those exceptions, we also overrule the third and fourth.

It follows, therefore, that the judgment of this Court affirms the judgment of the Circuit Court.

MESSRS. JUSTICES GARY and WOODS *concur in the result.*