8606

GAMBLE v. METROPOLITAN LIFE INS. CO.

1. APPEAL—CHARGE.—Errors in misstating issues not called to the attention of the Court, and instructions on issues as to which there is no evidence are not considered on appeal.

2. IBID.—EVIDENCE.—Whether the verdict is against the overwhelming preponderance of the testimony is for the Circuit Judge.

Before SEASE, J., York, Fall term, 1912. Affirmed.

Action by James M. Gamble against Metropolitan Life Insurance Company. Defendant appeals.

*Messrs. Elliott & Herbert,* for appellant, cite: *An instruction inapplicable to any facts in the case and tending to mislead the jury is error:* 66 S. C. 18; 42 S. E. 42; 54 S. E. 110; 53 S. E. 145; 55 S. E. 1; 44 S. C. 548; 64 S. C. 112; 78 S. C. 33.

*Messrs. Dunlap & Dunlap,* contra, cite: *When knowledge of the agent may be imputed to principal:* 88 S. C. 31; 52 S C. 224; 79 S. C. 526; 81 S. C. 152. *Defendant is estopped from insisting on forfeiture:* 57 S. C. 358; 63 S. C. 192; 88 S. C. 31; 49 S. C. 454.

July 12, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is the second appeal in this case.

The first is reported in 92 S. C. 451.

Appellant's argument contains the following: "This is a suit on a policy of insurance for $500 on the life of Maggie Gamble, wife of the plaintiff, in which policy the plaintiff is named as the beneficiary. The application is dated February 10, 1910, the policy was dated February 10, 1910, and Maggie Gamble died on 14 June, 1910.

"The answer of the defendant sets up the defense that certain statements made in the application for the policy were untrue; that it was agreed in the application that the answers shall form the basis of the application and if they were not correct and wholly true, the policy of insurance shall be null and void; that in said application insured stated she was in sound health, etc., whereas, she had been afflicted with disease of the kidneys, had been treated for Bright's disease, and had said questions been truthfully answered the policy would not have been issued, etc."

The fourth paragraph is as follows:

(4) "Further answering the said complaint, defendant alleges that said policy of insurance mentioned in the complaint was obtained by fraud, misrepresentation, and deceit, and in consequence of said fraud, misrepresentation, and deceit, the said policy of insurance is null and void."

The case was first tried at the Fall term of the Court of Common Pleas in York county before Hon. R. C. Watts, presiding Judge, who directed a verdict. On appeal this Court reversed the judgment. *Gamble* v. *Metropolitan Life Insurance Company,* 92 S. C. 451, 75 S. E. 788.

The case was again tried before Hon. T. S. Sease, presiding Judge, at the Fall term, 1912, and the jury rendered a verdict in behalf of plaintiff for the face of the policy and interest.

Defendant appeals on four exceptions, which present two questions. The first three exceptions raise the first point, and the fourth exception raises the second point.

These grounds of appeal are:

1. "That the presiding Judge erred in charging the jury upon the law of waiver by the agent of the defendant company, when there was no such issue made by the pleadings or evidence, and refused, when requested, to charge that there was no evidence of waiver by the agent.

2. "That the presiding Judge erred in not granting a new trial upon the evidence in the whole case, and because of the wrong charged above."

1. The first ground of appeal cannot be considered. The case does not show that his Honor's attention was called to the misstatement of the issues. The case shows the following:

Mr. Herbert: "Your Honor, I will ask that you supplement your charge to the extent of instructing that there is *no evidence* that the agent knew of Mrs. Gamble's condition or varied any stipulation in the contract.

The Court: "I am afraid that would be charging on the facts.

Mr. Herbert: "I just asked for it. I don't know whether it would be competent or not.

The Court: "You will write your verdict on this paper, that blue paper. Take the record."

The difference between no evidence and no issue is great. The rule stated in many cases is that where the presiding Judge misstates the issues the judgment will not be reversed for that reason unless his attention was called to the misstatement of the issues. One reference is sufficient.

*Plunkett* v. *Ins. Co.,* 80 S. C. 410, 61 S. E. 893: "It will be seen by referring to the case of *Nickles* v. *Rwy. Co.,* 74 S. C. 102, 136, 54 S. E. 255, that 'Whatever may be the view elsewhere, our cases support the view that an instruction upon an issue as to which there is no evidence whatever or a mistake in stating issues, is not reversible error unless the attention of the Court is called to the matter.' See *Vann* v. *Howle,* 44 S. C. 546, 22 S. E. 735; *Crosswell* v. *Association,* 51 S. C. 469, 29 S. E. 236; *State* v. *Still,* 68 S. C. 38, 46 S. E. 524. This first ground of appeal is overruled."

So, here, this first ground of appeal is overruled.

2. The second ground of appeal must also be overruled. The fourth exception, to which this ground of appeal refers, complains of error in not granting a new trial because the overwhelming preponderance of the evidence was against the verdict. The overwhelming preponderance of the evidence is a question for the Circuit Judge, and this Court can not consider it.

We can not say that there was no evidence. An examination of the deceased by a physician chosen by the insurer is some evidence of one of two things: either that the disease did not exist, or that its existence was known to and waived by the insurer.

The judgment appealed from is affirmed.

MR. JUSTICE HYDRICK *dissents.*

MR. JUSTICE WATTS *disqualified.*

MR. CHIEF JUSTICE GARY *concurring in the result.* One of the provisions in the policy is that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties." Therefore, even if the statements contained in the application were not true, this fact alone, was not sufficient to defeat the plaintiff's right of recovery. The burden of proof rested upon the defendant to prove, as alleged by it, that the policy of insurance was obtained by fraud, misrepresentation and deceit, which unquestionably would render it null and void. The testimony upon this question was conflicting, and the case was properly submitted to the jury. Indeed, the defendant's attorneys neither made a motion for a nonsuit nor requested the direction of a verdict. We have stated these facts for the purpose of showing the issues raised by the pleadings.

His Honor the presiding Judge, was not requested to charge, that there was no testimony tending to show waiver. He, however, was requested to charge, that there was no evidence, that the defendant's agent knew of Mrs. Gamble's condition or varied any stipulations in the contract, which is an entirely different proposition and which he could not have charged without invading the province of the jury. The question of waiver was not involved in the case and nothing was said in regard to it that was prejudicial to the rights of the appellant.

For these reasons I concur.