### KINGMAN v. LANCASHIRE INS. CO.

1. PLEADINGS—EVIDENCE—DEFENSE.—WAIVER may be proved in reply to defense of forfeiture without pleading it. *Code, 183, and 174, construed.*
2. IBID.—REPLY.—DEFENSE of forfeiture need not be replied to by plaintiff, unless required so to do by Court on defendant's motion.
3. WAIVER of a forfeiture does not rest upon a new contract upon consideration.
4. INSURANCE—EVIDENCE—ACTS AND CONDUCT—WAIVER—ESTOPPEL.— A policy of insurance is not void, but voidable upon breach of condition, and insurer may waive such breach or be estopped from setting it up, which may be evidenced by his acts or conduct.
5. CHARGE.—It is not error to refuse to charge a request substantially met already in the charge, or to refuse one assuming as a fact an issue in the case.
6. REMEDIES—APPEAL—NONSUIT—NEW TRIAL.—When there is no evidence to support a verdict, defendant's remedy is by motion for nonsuit, or by motion after verdict for new trial on Circuit, and appeal therefrom for error of law.
7. CHARGE excepted to not in contravention of art. V., sec. 26,.Con.

Before GARY, J., Sumter, March, 1897. Affirmed.

Action by Eva C. Kingman, trading as C. W. Kingman, agent, and Charles W. Kingman against Lancashire Ins. Co. From judgment for plaintiff, defendant appeals.

*Messrs. A. B. Stuckey* and *C. M. Hurst, Jr.,* for appellant, cite: *Waiver cannot be shown unless alleged:* 14 S. E. R., 731; 48 S. C., 388. *Waiver must be intentional:* 41 S. C., 183.

*Messrs. Purdy & Reynolds,* contra, cite: *Can waiver be relied on without pleading it:* 43 S. C., 26; 46 S. C., 79. *Plaintiffs having alleged performance under Code, 183, are not required to establish such performance fully, but may rely on waiver:* 46 S. C., 79; 29 S. C., 583. *Waiver need not be supported by valuable consideration:* 46 S. C., 91. *Jury may take into consideration acts of defendant after loss, and after knowledge of loss of cash book, in determining waiver:* 2 Md., 237; 37 S. C., 417; 29 S. C., 560; 20 S. E. R., 754.

April 18, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action on a fire insurance policy, on a stock of merchandise, and is here on appeal from a judgment in favor of the plaintiff. The specal defense set up by the defendant company was forfeiture under the iron safe clause of the policy. Under the evidence, this defense was narrowed down to the question of forfeiture for failure to produce for examination the inventory of the stock taken previous to the inventory, which was made within a month from the issuance of the policy. This last mentioned inventory as well as the books of the store were all produced for examination before the adjuster, but the preceding inventory taken about a year before, not being in the safe at the time of the fire, was burned, and so could not be produced. Plaintiff sought to overcome this defense by proof of waiver or estoppel. The grounds of appeal relate almost exclusively to the matter of waiver.

1. The first four exceptions relate to the admissibility of evidence to show waiver. Appellant's contention being that plaintiff having failed to allege waiver, could not be allowed

to prove it. The particular evidence admitted over appellant's objection was to the effect that the adjuster of the defendant company, after the loss, caused the insured to take an inventory of the goods that were saved from the fire, and that the "proofs of loss" sent to the company was retained by it until produced on the trial. The appellant in this branch of the case assumes that this evidence tended to establish waiver, and we will so consider it, since otherwise it would be useless to discuss these exceptions. This question is practically settled against appellant by the following cases: *Sample* v. *Insurance,* 42 S. C., 14; *Copeland* v. *Western As. Co.,* 43 S. C., 26; *Carpenter* v. *Accident Co.,* 46 S. C., 546. These cases show that forfeiture is matter of defense, and that plaintiff may show waiver in rebuttal of evidence of forfeiture, although in these cases waiver has not been pleaded. Appellant contends, however, that sec. 183 of the Code leads to a different conclusion. That section reads: "In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing performance; but it may be stated generally that the party performed all the conditions on his part; and if such allegations be controverted, the party pleading shall be bound to establish, on the trial, the facts showing such performance." In this case the complaint alleged the performance of all conditions of the policy in the general terms of section 183, and the answer contained a denial of such allegation. In the first place, we do not think the production of the inventory, taken previous to the issuance of the policy, after a loss, is a condition precedent, which is some act or event necessary to make contract *take effect.* It is rather a condition subsequent, which is intended to *defeat* a contract, which being matter of defense, need not be noticed in plaintiff's pleading. A forfeiture does not make a policy of insurance void *ipso facto.* It is merely a ground upon which the policy is voidable at the option of the insurer. Furthermore, if forfeiture is matter of defense, as the cases cited establish, then under

39—54

section 174 of the Code, such defense, not constituting a counter-claim, and being matter in avoidance, need not be replied to by plaintiff, unless required so to do by the Court on defendant's motion. *Davis* v. *Schmidt*, 22 S. C., 128. Then, in reason, evidence of waiver or estoppel ought to be allowed in reply to evidence to show forfeiture, for to show one estopped to assert forfeiture for non-performance is in effect to show performance.

2. The fifth exception alleges error in overruling the motion for nonsuit, which was made upon the grounds that no waiver having been alleged by the plaintiff, it was error to admit, over defendant's objection, any evidence tending to show waiver, and that the plaintiff had failed to prove compliance with the terms of the policy, particularly the iron safe clause. This exception is disposed of by what has already been said to the effect that the testimony was competent. Here, again, it will be noticed, appellant in his exception concedes that there was evidence tending to establish waiver. Besides, the cases cited above show that nonsuit would have been improper. *Gandy* v. *Orient Ins. Co.*, 52 S. C., 227.

3. The sixth exception alleges error in refusing defendant's first request to charge as follows: "The jury is instructed that the plaintiffs having alleged that they have fulfilled all the conditions of the insurance on their part, cannot recover by proving or attempting to prove a waiver of the performance of such conditions, or one of them, by the insurance company." This exception cannot be sustained for reasons already stated.

4. The seventh ground of appeal·alleges error in refusing defendant's third request to charge as follows: "The jury is instructed that the plaintiffs cannot recover by reason of a waiver of the warranties contained in the iron safe clause, unless the jury finds that the conduct relied upon as constituting such waiver is supported by a valuable consideration, such waiver being itself a new contract." This request to charge was properly refused.

Waiver of a forfeiture does not rest upon a new contract upon consideration. The contrary has been asserted, but is not now recognized as sound. In the case of *Titus* v. *Insurance Co.,* 81 N. Y., 410, overruling *Ripley* v. *Aetna Ins. Co.,* 30 N. Y., 136, the Court said: "It may be asserted broadly that if in any negotiation or transaction with the assured, after knowledge of the forfeiture, it (the insurer) recognizes the continued validity of the policy, or does acts based thereon, or requires the assured by virtue thereof to do some act, or incur some trouble or expense, the forfeiture is as matter of law waived; and it is now settled in this Court after some difference of opinion that such waiver need not be based upon any new agreement, or an estoppel." This statement of the rule in New York was indorsed in a later case, *Roby* v. *American Cent. Ins. Co.,* 24 N. E. Rep., 808, wherein it was held that an insurance company cannot claim a forfeiture for breach of condition, known to it, if after such knowledge it puts the insured to the expense and inconvenience of furnishing additional proofs. To the same effect is *Grubbs* v. *N. C. Home Ins. Co.,* 13 S. E. Rep., 236, and other authorities that might be cited. Provisions for forfeiture in an insurance contract are for the benefit of the insurer, and may be waived at the insurer's option.

As stated before, the policy is not void for breach of condition, but merely voidable. If the insurer does not choose to assert a forfeiture, the policy stands by virtue of the original consideration. Waiver does involve the assent of the insurer, since it is "the intentional relinquishment of a known right," but this intent to relinquish the right to avoid a policy for breach of condition may be evidenced by acts or conduct of the insurer, after knowledge of a breach, recognizing the policy as a valid existing contract, or the insurer may be estopped to deny intent to relinquish its right by such conduct after knowledge of the breach as puts the insured to trouble and expense on the reasonable belief that the insurer regards the policy as valid.

5. The eighth ground of appeal is as follows: "VIII.

The Judge erred in refusing defendant's fifth request to charge, which was as follows: 'The jury is instructed that unless they find that the insurance company intentionally recognized the validity of the policy, after its knowledge of the fact that the plaintiff had failed to.perform the warranties contained in the "iron safe clause," the plaintiffs cannot recover.' " This request to charge had been fully covered by the Circuit Judge, when he charged as requested in appellant's second and fourth requests to charge, as follows: "II. The jury are instructed that if they find that the plaintiffs have failed to fulfill the requirements contained in the 'iron safe clause' of the policy, then the plaintiffs cannot recover unless the jury further find that said requirements have been waived by the insurance company. IV. The jury are instructed that the defendant cannot be held to have waived any requirements in the iron safe clause unless the conduct or acts relied upon as constituting such waiver were done after full knowledge on its part of the failure of the plaintiffs to comply with such requirements." The Judge had also charged as follows: "Now I charge you that it is not your province nor mine to make contracts. We litigate what they make or they contract, and we enforce them. That is a part of the contract that they agreed upon, and shall be binding on the plaintiff unless you find from the evidence that the defendant company did some act which shows a determination or intention on its part to waive strict compliance with that part of the contract." It is not error to refuse a request to charge which had been substantially met in the charge already made. Besides, this request was faulty in assuming as a fact that the plaintiffs had failed to perform the warranties contained in the iron safe clause.

6. Omitting the ninth exception, which raises no question that has not already been considered, we will notice the tenth and last exception, as follows: "X. When the jury, after considerable deliberation, returned to the court room and announced that it was impossible for

them to agree, the presiding Judge erred in charging them as follows: 'The plaintiffs contend that by certain acts of the insurance company, when the fire occurred, they waived their right to insist upon a forfeiture. It is for you to say whether those acts are sufficient to amount to a waiver. The question is for you. It is for you to say whether the defendant did anything by which you can conclude that they intended to waive their right to insist on the forfeiture clause of that contract. I hope that you can reach a conclusion in this matter; so retire to your room and see if you cannot come to a conclusion.' The effect of which charge was to impress upon the minds of the jury that there was evidence from which they could find that there had been a waiver. Whereas, the defendant contends that there was no evidence of waiver, and if there had been, the charge here made was in contravention of art. V., sec. 26, of the Constitution of South Carolina." This exception must be overruled. Up to this point appellant has assumed that there was evidence tending to show waiver. If there was no such evidence, appellant's remedy was by motion for nonsuit after all the evidence was in, or by motion for new tral in the Circuit Court, and appeal from the refusal of such motion for error of law. There being no such appeal before us, we cannot in a case at law examine the record to ascertain whether there was in fact any evidence tending to show waiver. We find nothing in the charge complained of which is obnoxious to art. V., sec. 26, of the Constitution, forbidding a charge to the jury in respect to matters of fact.

The judgment of the Circuit Court is affirmed.