## BURNS v. GODDARD.

1. EVIDENCE—FRAUD.—That the payee of a note indorsed it, negotiated it to another, and then took it up and brought suit on it, has no tendency to rebut any presumption of fraud arising from the evidence of the payee in the transaction upon which the note is based.

2. IBID.—Evidence as to the difference between the contract in question and those with others on the same subject is incompetent.

3. IBID.—In determining whether there was an entire failure of evidence as to the place of delivery of an article, jury should consider not only the place of contract but all the circumstances.

4. CHARGE.—Illustration of law of delivery of purchase and delivery of a hat is not a charge on the facts.

5. IBID.—Held that "burden of proof" as here used means same as preponderance of evidence.

6. FAILURE OF CONSIDERATION.—Failure to deliver a machine at a specified time and place for a specified purpose under oral agreement, the written portions of the contract being a lease under seal and a promissory note not under seal, may be proved by parol on issue of failure of consideration of the note.

7. CHARGE.—An instruction to jury not based on any theory deducible from evidence is not reversible error unless it appear that appellant was probably prejudiced thereby.

Before TOWNSEND, J., Greenville, summer term, 1904. Affirmed.

Action by S. A. Burns against J. W. Goddard. From judgment for defendant, plaintiff appeals.

*Mr. B. F. Martin,* for appellant, cites: *Delivery to carrier is delivery to buyer:* 24 Ency., 1071; Benj. on Sales, 4 Am. ed., secs. 1040, 1049, and notes 1, 23, 517, 578, 516, 489, 490. *Charge that one fact tends to establish another is error:* 63 S. C., 494; 59 S. W., 626, 887; Blash. on Inst. to Juries, secs. 108, 109; 40 Mo., 151. *Judge should fully instruct jury:* 58 S. C., 94; Blash. on Inst. to Juries, sec. 127. *Jury should be instructed as to burden of proof:* Blash. on Inst. to Juries, sec. 349; 60 Ala., 610; 95 Ind., 376; 54 Conn., 273; 15 Ency., 22. *Instruction not applicable to some view of the evidence should not be given:* 11 Ency. P. & P., 168-70; Blash. on Instructions to Juries, sec. 86. *No evidence here of failure of consideration of note:* 9 Cyc., 310, 370, 371; 2 Mill., 279; 44 S. C., 378; 14 Ency., 2-22, 33; 125 U. S., 247.

*Messrs. McCullough & McSwain* contra, cite: *Charge upon an issue not supported by any evidence is not reversible error:* 52 S. C., 224; 51 S. C., 469; 44 S. C., 546; 68 S. C., 37. *No harmful effect could have been produced by illustration of law of delivery by sale of hat:* 47 S. C., 489; 59 S. C., 246; 65 S. C., 331.

October 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this case the payee sues the maker upon a promissory note for $175, dated December 19th, 1902, and due April 1st, 1903. The answer alleged as defenses a total failure of consideration and that the note was obtained by false and fraudulent representations. The note in question was part of a transaction between the parties, in which Burns executed to Goddard an instrument granting the exclusive right to use, and sublease to others the right to use, the Shannon Axle Cutter from December 19th, 1902, to April 4th, 1906, in the county of Greenville,

S. C., and as a part of said transaction Burns agreed to deliver to Goddard at Greenville S. C., one of said machines within two or three weeks from December 19th, 1902. There was testimony that it was understood that Burns would canvass Greenville County between the making and maturity of the note for the purpose of subleasing rights to use said machine as a means of paying the note, and in order to make such canvass it was necessary for Goddard to have such a machine for exhibition. The machine did not arrive in Greenville until after the maturity of the note, when Burns declined to receive it and also refused to pay the note. The jury rendered a verdict for the defendant and the plaintiff appeals from judgment thereon.

The fifth and sixth exceptions relate to the rulings of the Court as to the admissibility of testimony. The plaintiff was asked the question, "What is that indorsement, S. A. Burns, on the back of the note?" which the Court excluded as irrelevant. This ruling was correct. The action was in the name of the payee against the maker alone and the indorsement was no part of plaintiff's case. It is argued, however, that it was admissible in anticipation of the issue of fraud raised by defendant's answer, and that it was a circumstance against the charge of fraud that, notwithstanding the note had been actually negotiated before maturity, so that the indorsee could have recovered as an innocent purchaser, yet Burns took up the note himself and made the fight to recover thereon. The Court ruled in substance that such a circumstance had no probative value to show the motives or acts of plaintiff at the time of the transaction with defendant. In 14 Ency. of Law, 196, it is stated that the "conduct of a party charged with fraud, either before, at the time of, or after the transaction alleged to have been fraudulent, may be shown for the purpose of rebutting a presumption of fraud arising from the evidence, if it has any legitimate tendency in this direction." The testimony in question would have no legitimate tendency to rebut any presumption of fraud, if there was any arising

from the testimony, because it was the duty of the plaintiff on account of his liability as an indorser to take up the note upon refusal of the maker to pay, whether the original transaction was fraudulent or not. The Court also excluded the answer of plaintiff to the question, "Was your agreement with Mr. Goddard in any way different from the usual agreement in those cases?" The witness answered, "Not at all," which was stricken out as irrelevant. The ruling was not improper nor harmful.' The question was as to the specific agreement between plaintiff and defendant, and it would have been too discursive to inquire as to the terms of agreements made by plaintiff with others.

The fourth exception complains of the charge to the jury in relation to the question as to where the machine was to be delivered. The plaintiff requested the Court to charge: "In the absence of any stipulation or agreement as to the place of delivery, the sale is complete upon delivery to a common carrier for transportation to the buyer. Delivery to the common carrier in such a case is delivery to the buyer, in contemplation of law." The Court charged this as a good general proposition, but instructed the jury that every case depends upon its own circumstances, and he further charged in these words: "For instance, I write to New York to send me a hat by express; as soon as it is delivered to the express company that is a delivery to me—it is my hat. Suppose I am here and a man sells me a hat, and I say send it by express, and so on, that would be a matter for the jury to say whether he was bound to deliver it at my place or not. The question would be whether he led me to believe he would deliver it at my place or not. The question in every case for the jury is, what was the understanding between the parties? Now, the agreement may be expressed or implied by word or action; the jury has to take into consideration all of the circumstances, the place where the parties were and all about it, and come to their conclusion as to whether or not there

was an entire absence of a stipulation or agreement." It is objected that this is a charge upon the facts in making specific reference to the place of the contract, and that the illustration was misleading. We think the charge is not liable to the criticism made. The jury was instructed not only to consider the place of the contract, but all of the circumstances, in determining whether there was an entire absence of evidence as to the place of delivery. The illustration construed with the context does not single out the place of the contract as a circumstance tending to show the place of delivery.

The third exception alleges error in failing to charge upon plaintiff's oral request, as to the degree of proof by which defendant must establish his affirmative defense. The plaintiff made the following oral request to charge: There were two affirmative defenses—failure of consideration and the charge of fraud. I request your Honor to explain to the jury that the burden of proof is upon the defendant to satisfy the jury of these by the preponderance of the evidence." The Court, responding to the request, said: "When a party sets up an affirmative defense that he is released from any obligation, he must prove it—the burden is on him to prove it." It is objected that this was error because the jury could infer that "burden of proof" meant only the duty of making a *prima facie* case, whereas defendant's affirmative defenses should be established by the preponderance of the evidence and because the jury under the instruction might have found against the plaintiff on these matters, if they had been equally balanced as to them. The rule of Court requires that requests to charge should be presented in writing, but as neither counsel nor the Circuit Court raised any objection to the consideration of the request on that ground, we will not. The occasion does not call for any consideration of the fine distinctions made with reference to the expressions, "burden of proof," and "prove the issue by the preponderance of the evidence." The Court clearly used the expression, "burden

of proof," not in the sense of adducing some evidence of the issue, but in the sense of proving the same by the preponderance of the evidence, and, therefore, he charged substantially as requested by the plaintiff. This is further made evident by reference to another portion of his charge with respect to defenses of defendant.

The second exception alleges error in charging the jury as to the defense of total failure of consideration set up in the answer, the ground of objection being that there was no evidence on the subject. One extract from the charge will suffice to show the purport of the charge, as follows: "If the jury find that plaintiff was to furnish the machine or appliance within a specified time, and if such machine was such an essential part of the consideration furnished to the defendant as to render the patent right valueless, in the absence of such a machine, and if the said machine was not delivered within the time specified, then there would be a failure of consideration for the note given by the defendant, and the verdict should be for the defendant." We think there was some evidence to which the charge was applicable. The note sued on was not under seal, and there was some evidence tending to show that the contract was made on plaintiff's representation that the machine would be delivered at Greenville, S. C., within two or three weeks from December 19th, 1902, that the understanding between the parties was that defendant would canvass the county during the months of January, February and March, 1903, and sell enough shop rights to meet the note at maturity, and that the possession of the machine for exhibition and illustration was essential in selling such rights, and that the machine was not delivered until after the maturity of the note. The promissory note, the lease of the county right, and the oral agreement as to the delivery of the machine, were all parts of one transaction, and the presence of a seal on the lease would not operate to prevent defendant from showing a total failure of consideration as to the promissory note in question.

The first and remaining exception assigns error in the charge with respect to allegations of fraud in answer, on the ground that there was no evidence of fraud. It cannot be said that there was evidence of actual fraud on the part of the plaintiff or of any false representation, or existing or past fact, calculated to mislead the defendant; but if there was no evidence whatever of fraud, the charge of the Court did not prejudice the plaintiff. The language of the Court was used in reference to the issues raised by the pleadings, and the Court instructed the jury that the fraud alleged must be proven. As a general proposition it is true that no instructions should be given to a jury which are not based upon some theory deducible from the evidence, but it is also true that to justify a reversal of the judgment of the Circuit Court it must appear that appellant was probably prejudiced by the action of the Court. Whatever may be the view elsewhere, our cases support the view that an instruction upon an issue as to which there is no evidence whatever or of mistake in stating issues, is not reversible error, unless the attention of the Court is called to the matter. *Vann* v. *Howe,* 44 S. C., 546, 22 S. E., 735; *Crosswell* v. *Association,* 51 S. C., 469, 29 S. E., 236; *State* v. *Still,* 68 S. C., 38, 46 S. E., 524. There are other more appropriate methods of raising the question as to the absence of evidence, as by motion for nonsuit in proper cases, by request for an instruction that there is no evidence upon stated issues, or by motion for a new trial on that ground. Moreover, the appellant has no ground for complaint, as his counsel requested the Court to explain to the jury that the burden of proof is upon the defendant to satisfy the jury of his defenses—failure of consideration and fraud—by the preponderance of the evidence, which instruction the Court gave at his instance.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*