### 7258

### SPANN v. PHŒNIX INSURANCE CO.

1. INSURANCE—FORFEITURE.—The provisions of the policy herein involved held not to be ambiguous or invalid in so far as they relate to the insured taking out additional insurance and taking out more of such insurance than agreed upon at issuance of policy works forfeiture.

2. IBID.—IBID.—WAIVER—BURDEN OF PROOF.—Upon proof of forfeiture by defendant, burden is on plaintiff to show waiver.

Before PRINCE, J., Bamberg, Spring term, 1908. Affirmed.

Action by J. A. Spann against Phœnix Insurance Company of Hartford, Conn. From judgment for defendant, plaintiff appeals.

*Messrs. H. M. Graham* and *S. G. Mayfield,* for appellant, cite: *Burden of proof of forfeiture is on defendant:* 62 S.

C., 150; 42 S. C., 14; 69 S. C., 407; 92 U. S., 375; 28 S. C., 431.

*Messrs. Austin Branch* and *J. A. Wyman,* contra, cite: *Plaintiff must prove waiver of forfeiture:* 19 Cyc., 938; 54 S. C., 599; 57 S. C., 368; 46 S. C., 546; 43 S. C., 26; 70 S. C., 77; 52 S. C., 224; 68 S. C., 384; 55 S. C., 450; 54 S. C., 374; 70 S. C., 295; 57 S. E., 347. *Additional assurance clause does not render policy void:* 52 S. C., 224. *Nor is it contrary to public policy:* 57 S. C., 347; 68 S. C., 387; 19 Cyc., 703.

July 21, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from a judgment for the defendant on a fire insurance policy. The policy sued on was for two thousand dollars, and was one of several policies outstanding on plaintiff's stock of goods when it was burned. The defense set up was violation of the following clause of the contract of insurance: "The entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void, if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy." The breach of the contract alleged was that the plaintiff had procured additional insurance to the amount of $14,000, when the defendant had consented to additional insurance to the amount of $8,000 only.

The plaintiff testified that when taking out the policy he told John F. Folk, defendant's agent, of additional insurance beyond the $8,000, which defendant had contracted to allow. Folk in his testimony denied that such notice had been given to him. The issue of waiver thus raised was really the only question in the case. It is true the plaintiff testified that Robertson, Johnson and Kimball adjusted with him the loss of his goods, fixing the value of the stock at

$22,327.64. But even if it be assumed that any of these adjusters represented the defendant company, there was no evidence that any of them knew at the time of the excess of insurance over the amount allowed by the written contract.

The provisions of the policy with respect to additional insurance are perfectly clear and consistent, and their validity has universal judicial recognition. Therefore, the exceptions alleging ambiguity in the policy and the invalidity of the provisions as to additional insurance have no foundation.

The exception mainly relied on is the same as the first ground of the motion for a new trial, which was refused by the Circuit Judge: "Forfeiture of policy being a defense by reason of breach of condition, it is respectfully submitted that your Honor erred in charging the jury that it was incumbent upon plaintiff to prove by a preponderance of the evidence waiver of such forfeiture, whereas your Honor should have charged that the burden was on defendant to show forfeiture." The Court has frequently held: "That forfeiture is a matter of defense, and that the plaintiff may show waiver in rebuttal of evidence of forfeiture." *Carpenter* v. *Accident Ins. Co.,* 46 S. C., 546, 24 S. E., 500; *Kingman* v. *Ins. Co.,* 54 S. C., 544, 599, 32 S. E., 762. This is but another way of saying that the policy will be defeated by proof of forfeiture, unless plaintiff proves waiver of the forfeiture. To hold that the insurer must prove that there was no waiver would impose the impossible task of proving not one fact, but an indefinite number of negatives. It is not conceivable how the insurance company would set about putting in array all the forms which waiver might assume, and proving that it did not do any one of the indefinite number of things which might tend to show waiver.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.