### 7835

#### ESTES v. BROTHERHOOD OF RAILROAD TRAINMEN.

CHARGE—INSURANCE.—ISSUE OF WAIVER OF FORFEITURE is for jury, but it is duty of Judge to so charge the jury if there is no evidence of such waiver. Such error here is accentuated by the Judge saying in refusing the motion, if he could charge on the facts he could point out some evidence as to waiver.

Before ALDRICH, J., Charleston, April, 1910.    Reversed.

Action by Mattie V. Estes against Brotherhood of Railroad Trainmen.    Defendant appeals.

*Messrs. Burke, Rivers & Erckmann,* for appellant, cite: *Refusal to charge there was no evidence of wavier and saying when so refusing he could point out such evidence was error:* 72 S. C. 361; 74 S. C. 135; 79 S. C. 111; 80 S. C. 140; 78 S. C. 395; 81 S. C. 548. *What is wavier?* 84 S. C. 97; 81 S. C. 156. *If warranted answers are not true policy is void:* 28 S. C. 439; 77 S. C. 191; 80 S. C. 395; 61 S. C. 342; 83 S. C. 239. *Error may be committed by remarks of Judge:* 73 S. C. 383; 80 S. C. 387. *Any expression of what is in evidence is error:* 47 S. C. 522; 85 S. C. 269, 283.

*Messrs. Legare, Holman & Baker,* contra, cite: *If there is no testimony as to waiver the instruction of the Judge is harmless:* 84 S. C. 7; 44 S. C. 548; 51 S. C. 469; 72 S. C. 361.

March 27, 1911.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    John F. Estes became a member of the Brotherhood of Railroad Trainmen on the 26th day of January, 1907, and died on the 20th day of June, 1907. The Brotherhood issued to him a benefit certificate in what

was known as "Class B," which provided for the payment on his death of the sum of $1,000 to his wife Mattie V. Estes. Upon the death of Estes his widow brought this action to recover the sum of $1,000 under the certificate. The Brotherhood set up as a defense the following provision of the by-laws which were expressly made a part of the certificate: "The applicant must be a white male, sober and industrious, and must join of his own free will, he must not be less than eighteen and not to exceed forty-five years of age," which facts Estes warranted to be true; and alleged "that the said John F. Estes, as defendant is informed and believes, wilfully and falsely represented that he was at the date of said application forty-three years and eight months old, whereas and in truth he was at said time forty-six years of age and over, by which said false representation under his agreement aforesaid and in accordance with the Constitution and general rules of the said Brotherhood the said beneficiary certificate became and is null and void and of no effect."

The issue of fact on the trial was whether Estes was in fact over forty-five years of age when he obtained the certificate. This issue was fairly submitted to the jury. But the Circuit Judge further instructed the jury that even if they found that Estes had falsely represented to the defendant that he was not over forty-five years of age, yet their verdict should be for the plaintiff if they found that the defendant by its conduct had waived the forfeiture. After this instruction had been given counsel for defendant requested the Court to charge the jury that there was no evidence whatever of waiver. The Court responded in these words: "The request is refused. I am not at liberty to charge upon the facts. If I were I think I could point out some testimony as to waiver." The jury returned a verdict for the full amount claimed.

The burden of proving waiver of the forfeiture was on the plaintiff, and there is nothing in the entire record that

could be tortured into proof. It was therefore error of law to submit such an issue to the jury, and the error was accentuated and made prejudicial by the expression of the opinion of the Circuit Judge that he could point out such evidence. *Burns* v. *Goddard,* 72 S. C. 355, 51 S. E. 915; *Stouffer v. Erwin,* 81 S. C. 541, 62 S. E. 843; *Spann* v. *Phoenix Ins. Co.,* 83 S. C. 262, 65 S. E. 232.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for a new trial.