### 19933

STATE FARM MUTUAL AUTOMOBILE INSURANCE COM-
PANY, Appellant, v. PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY et al., Respondents.

(210 S. E. (2d) 613)

*Messrs. McGowan, Nettles, Keller & Eaton,* of Florence,
and *Lindsay & Crowe,* of Bennettsville, *for Appellant,*

*Messrs. Harris, Griggs and Spruill,* of Cheraw, *for Respondents, Pennsylvania, National Mutual Casualty Insurance Company, and others,*

*Eugene Huggins, Esq.,* of Bennettsville, *for Respondents, Harriett F. Leviner, and others,*

*Messrs. Kilgo & Want,* of Darlington, *for Respondent Aetna Casualty and Surety Company,*

December 17, 1974.

BUSSEY, Justice:

In this declaratory judgment proceeding the appellant sought to deny coverage under an assigned risk policy issued by it to the respondent Wilbert Lewis York. The respondent Thomas Wilson York is the son of the insured Wilbert Lewis York and on November 26, 1971, he was involved in an automobile accident while driving a 1972 Ford Torino acquired by his father under a sales invoice from a dealer in Bennettsville on November 23, 1971. The other respondents included personal injury claimants and insurers who would furnish uninsured motorist coverage in the event the appellant's policy afforded no coverage to the Yorks.

The appellant's policy was issued to the elder York effective April 29, 1971, providing liability insurance for a 1954 Chevrolet automobile. On or about November 23, 1971, the son was at home on leave from military service. The 1972 Ford automobile was purchased and the father contacted a Mr. Lindsay, an independent insurance agent, the original producer of the insurance policy, and requested that the insured Chevrolet automobile, which was not then operational, be eliminated from the policy; and that the 1972 Ford be added to the policy in lieu thereof, which substitution was effected by Lindsay prior to the accident which gave rise to this litigation.

Appellant's complaint alleged that it was not obligated to defend any suit arising out of the accident because the son rather than the father was the owner of the automobile; that the father was not the sole owner of the automobile as provided in the declarations of the policy and that the true ownership was misrepresented to appellant.

It is conceded that there was conflicting evidence as to the ownership of the Ford automobile, which required that the issue be submitted to the jury which was, incidentally,

composed of 11 females and 1 male. At the conclusion of the trial it was agreed that His Honor would submit to the jury only the following interrogatory. "Who is the sole owner of the 1972 Ford Torino automobile?"

(1) Wilbert Lewis York (father) ☐

(2) Thomas Wilson York (son) ☐

The jury found that the father was the sole owner.

The sufficiency of the evidence to support the verdict is not questioned, but the appellant asserts trial errors, entitling it to a new trial, arguing four stated questions. The first of these involves a portion of the jury argument of counsel for the respondent Aetna, which was objected to. We quote from the record as follows:

"But you think about it, you know an automobile is a right substantial investment. Now I know husbands and wives who both work and they scrape together and get their savings together and they make the down payment and buy an automobile and it is usually in the husband's name. Then they go down and they buy some State Farm insurance to protect them against judgments, all of which they have to have. I would hate to think if I were a young man with a young wife and we pooled our money together to buy a car, and then a claim arose, that my insurance company would come back and start investigating and go talk to my wife . . .

"Objection by Mr. Nettles: Your Honor, I hate to interrupt, but the issue is confined to what the facts are in this case, not something else that might have happened somewhere else; and there is no evidence that such a thing did happen.

"The Court: No, sir, I think the argument is all right. He is just comparing further for the purpose of illustration; I think the argument is in order. Objection overruled.

"Mr. Kilgo: I would hate to think that my company would come and investigate and say, 'Well, your wife put

a few dollars in the car; you are not the sole owner and therefore we don't owe you anything.' "

We deem the objection to this argument to be without merit. Appellant's case was predicated in part on evidence tending to show that although the Ford was bought in the father's name some money sent home or given to the father by the son was applied on the purchase price. The illustration used by counsel dealt with the analogous situation of a man and his wife rather than a father and son situation and we see no impropriety in the illustration argued by counsel.

Appellant's counsel still insisting that, in view of the composition of the jury, such argument was prejudicial, urged the court to charge the jury that under the terms of appellant's policy "it would make no difference as to whose money went to purchase an automobile in a husband-wife situation and that they are treated as one * * *." The court declined the request pointing out that there was no husband-wife situation involved in the instant case and that such a charge would tend to confuse the issue in the minds of the jury. We agree. The issue involved in the case was not who was afforded coverage by appellant's policy but whether appellant's policy effectively afforded any coverage with respect to the 1972 automobile.

Under appellant's next question it argues that there was error in admitting a renewal premium notice sent by appellant to respondent Wilbert Lewis York after this litigation had been instituted, as required by law, when waiver and estoppel were not pled defensively. When the premium notice was offered in evidence the objection was that such "not responsive to the pleadings." The objection was overruled and appellant's contention that such was error is predicated on the fact that the respondents York pled neither waiver nor estoppel and that in the absence of any such plea the premium notice was inadmissible.

As far as the record reflects it was not contended by anyone in the course of the trial that any issue of waiver was involved and no such issue was submitted to the jury. Regarding, however, the premium notice as evidence of waiver, appellant's contention that such was inadmissible in the absence of waiver having been pled is untenable. See the cases of *Douglass v. Threadgill,* 235 S. C. 110, 110 S. E. (2d) 169; *DeVore v. Piedmont Insurance Co.,* 144 S. C. 417, 142 S. E. 593; and the cases therein cited, particularly the case of *Kingman v. Lancashire Ins. Co.,* 54 S. C. 599, 32 S. E. 762. As argued by one of the respondents we are inclined to the view that the premium notice was relevant and admissible as tending to prove an admission on the part of appellant that the 1972 Ford was in fact owned by the father, the named insured. But in any event the appellant fails to demonstrate the probability of any prejudice from the admission of this evidence.

Under the third question argued the appellant contends it was error to not allow appellant to cross-examine the respondent Wilbert York as to what would have been a misrepresentation "based on facts or inferences in evidence." Since no issue of misrepresentation was submitted to the jury we regard this question as being moot, but if not moot, there was no prejudicial error. Using as a hypothesis a state of facts, the truth of which the respondent Wilbert York denied, he was asked to give his opinion as to whether such would have constituted a misrepresentation. Objection to such question was, we think, quite properly sustained. There is nothing in the record to indicate that this respondent was at all knowledgeable with respect to insurance policies or in any sense of the word qualified to give an opinion as to what constituted misrepresentation, under law or within the meaning of the policy. Moreover until the issue was abandoned the question of whether or not there had been a misrepresentation, was an ultimate issue of fact for the jury, under appropriate instructions from the court.

Finally, appellant complains that the judge erred in modifying appellant's request to charge number six which read as follows:

No. 6. "I charge you that if you find from all the evidence introduced that Thomas Wilson York was the owner of the 1972 Ford Torino then your verdict must be for the Plaintiff which means that the State Farm Mutual Automobile Insurance Company did not provide coverage for the accident of November 26, 1971, and that the uninsured motorist provisions of the policies issued by Pennsylvania National Mutual Casualty Insurance Company and Aetna Casualty and Surety Company would govern the rights of the insured parties."

His Honor slightly modified the foregoing request so as to point out that if appellant prevailed the provisions of the policies of respondents Pennsylvania and Aetna would govern the rights of the injured parties, except those who had no insurance. Appellant's contention that such modification was erroneous is without merit. The record shows that some of the injured parties had no insurance protection available in the event of no coverage by appellant and the request as written tended to mislead the jury into thinking that all injured parties would be protected even though appellant afforded no coverage. Actually the request taken as a whole was inappropriate in view of the single issue being submitted to the jury. His Honor would have been fully justified in simply declining the request and if there was any error on his part it was in failing to do so.

We deem all of the exceptions of the appellant to be without merit and the judgment below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.